FILED

MAR 18 2026

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA (HAMMOND DIVISION)

2:26cv126

MICHAEL COZART, Plaintiff,

v.

BERNARD A. CARTER (Prosecutor); MILANA PETERSEN (Deputy Prosecutor); SGT. EARL MAYO (NCPD); TROOPER ALAA HAMED (ISP); THE TOWN OF NEW CHICAGO; THE INDIANA DEPARTMENT OF CHILD SERVICES; ERIC MILLER (DCS Director); PASQUAL DELGADO; and NEW CHICAGO BAR AND GRILL, Defendants.

CAUSE NO:

### VERIFIED COMPLAINT FOR DAMAGES & INJUNCTIVE RELIEF

PURSUANT TO 42 U.S.C. §§ 1983, 1985(3), & 1986 | JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Michael A. Cozart, appearing pro se, and for his Verified Complaint against the Defendants, states:

I.    JURISDICTION & TERMINATION OF ABSTENTION

This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343.

THE VOINOVICH EXCEPTION: Under Younger v. Harris, 401 U.S. 37, and Mitchum v. Foster, 407 U.S. 225, this Court must intervene. The state proceedings in 45G04-2403-F5-000151, and 45D07-2502-CM-002130 are brought in Actual Bad Faith to maintain a barrier case in 45D06-2410-JC-000397, and suppress a $25,000.00 Final Judgment (45D02-2212-CT-001310). (Exhibit E)

II. COUNT I: CONSPIRACY & JOINT ACTION [42 U.S.C. § 1985(3)]

3. THE CONSPIRATORS: Defendants Delgado and New Chicago Bar and Grill acted "under color of state law" by conspiring with Defendant Mayo to protect the interest of the bar and manufacture a "barrier case."

4. JOINT ACTION: Delgado and Mayo intentionally edited surveillance to omit the initial attack on the Plaintiff. Delgado's liability is established by the $25,000.00 Settlement (Exhibit E).

III. COUNT II: Investigatory Evidence Fabrication & Forfeiture of Immunity

5. INVESTIGATORY ACTS: Defendants Carter and Petersen acted in an investigatory Capacity rather than an advocacy role. By participating in the pre-arrest filtering, editing,

and manufacturing of digital surveillance media to create a fraudulent probable cause narrative, these Defendants performed functions typically reserved for police investigators. Because these acts occurred prior to the existence of probable cause and outside the 'judicial phase' of the proceedings, Defendants have forfeited all absolute immunity pursuant to Whitlock v. Brueggemann, 682 F.3d 567, and Buckley v. Fitzsimmons, 509 U.S. 259.

6. SELECTIVE PROSECUTION: Actual Malice is proven by the misdemeanor plea given to shooter Courtney Pratchett (45G04-2403-F4-000033) while Plaintiff (the victim) faces retaliatory felonies. (Exhibit F)

## IV. COUNT III: 4th & 14th AMENDMENT LETHAL FORCE TERRORISM

7. LETHAL FORCE TERRORISM: On 2/22/2025, Defendant Hamed pointed a loaded firearm at a 10-year-old child and the Plaintiff (Exhibits A & C). Under Baird v. Renbarger, this conduct "shocks the conscience."

8. COERCION: Hamed utilized the threat of child removal to extort an involuntary statement. Under Lynumn v. Illinois, 372 U.S. 528, this violates Due Process.

9. SPOLIATION: ISP's claim of "no recordings" for Case 25ISPC002992 is bad-faith destruction of evidence. (Exhibit D)

## V. COUNT IV: STATE-CREATED DANGER & KIDTRAKS FRAUD

10. Due to the fabricated "barrier case," minor Malachi Boling sustained Black Eyes, Slipper Bruises, and Gross Neglect (See Exhibit B).

11. MEDICAL PERJURY: State agents utilized the KidTraks system to fabricate an "allergies" narrative to conceal battery. This is a 14th Amendment violation under Reed v. Gardner.

## VI. COUNT V: ADA DISCRIMINATION & FABRICATION OF ADMISSIONS

12. DISABILITY DISCRIMINATION: Defendants intentionally ignored the Plaintiff's Permanent Leg Disability to frame him as an "aggressor" while granting immunity to the actual non-disabled attacker. Plaintiff's permanent disability is a matter of medical record (See Exhibit K) and was a known factor that Defendants intentionally ignored to manufacture a fraudulent 'aggressor' narrative.

13. EVIDENTIARY FABRICATION: Plaintiff alleges that DCS agents knowingly manufactured false statements and attributed fraudulent admissions to the Plaintiff in official records.

Specifically, Defendants fabricated allegations that Plaintiff admitted to being a "bad role model," making "poor decisions," and being "unfit."

14. CRIMINAL COERCION: Defendants further fabricated "agreements" where Plaintiff allegedly consented to state-mandated programs due to "unfitness." These were extorted signatures obtained under the duress of retaliatory visitation cancellation and the physical torture of the minor ward.

15. PATTERN OF UNLAWFUL TREATMENT: The Town of New Chicago and other agencies maintain a "Custom and Practice" of targeted harassment. Plaintiff will provide extensive additional documentation upon request during Discovery to show a systemic pattern of unlawful treatment spanning over a decade. The failure to supervise constitutes Deliberate Indifference.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Michael Cozart, respectfully requests that this Court enter judgment in his favor and against the Defendants, and grant the following relief:

Compensatory Damages in the amount of $150,000,000.00 for constitutional infringements, physical battery of a minor ward, and systemic emotional distress;

Punitive Damages against the individual Defendants for their actual malice, vindictive prosecution, and deliberate indifference;

A Preliminary and Permanent Injunction staying all retaliatory state proceedings and ordering the immediate return of the minor child Malachi Boling to kinship placement;

A Forensic Audit Mandate for the recovery of spoliated ISP video metadata and KidTraks medical logs;

Leave to Amend this Complaint pursuant to Fed. R. Civ. P. 15(a) should the Court find any part of the pleading deficient; and

Any other and further relief as the Court deems just and proper.

Plaintiff demands $150,000,000.00; an immediate Preliminary Injunction staying all state cases; and Leave to Amend under Fed. R. Civ. P. 15(a).

VERIFICATION: I affirm under penalties for perjury the foregoing is true.

Signature_____ Date: March 17, 2026

VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Michael Cozart, the Plaintiff in the above-captioned matter, do hereby declare under the penalties for perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

I have read the foregoing Verified Omega-Level Constitutional Indictment and Complaint and am familiar with the contents thereof.

The factual allegations contained therein are true to the best of my own personal knowledge, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

I have personally reviewed the attached Exhibits A through K and verify that they are true and accurate copies of the original documents, recordings, and photographs in my possession.

This Complaint is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of March, 2026.

Signature: _____

Michael Cozart, Plaintiff Pro Se

NOTARY PUBLIC ACKNOWLEDGMENT

State of Indiana, County of Lake. Subscribed and sworn to before me this ____ day of March, 2026.        My Commission Expires: _____ Seal: _____