UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHAEL COZART,

    Plaintiff,

    v.

BERNARD A. CARTER, *et al.*,

    Defendants.

Case No. 2:26-CV-126-GSL-AZ

## OPINION AND ORDER

Plaintiff Michael Cozart, proceeding without the benefit of a lawyer, initiated this case and filed a motion asking to proceed in forma pauperis on March 18, 2026. For the reasons set forth below, Plaintiff's Motion to Proceed In Forma Pauperis, [DE 3] is **DENIED.**

## DISCUSSION

When presented with an IFP application filed by a non-prisoner, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *Smith v. Galipeau*, 2024 U.S. Dist. LEXIS 113411, at *1 (N.D. Ind. Jun. 27, 2024); *see Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). A court must dismiss a case any time it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Smith*, 2024 U.S. Dist. LEXIS 113411, at *2 (citing *Tate v. SCR Med. Transp.*,

809 F.3d 343, 345 (7th Cir. 2015)). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Relevant to the case at bar, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Plaintiff satisfies the financial prong of the analysis, so the Court turns to whether the suit has sufficient merit to proceed. Plaintiff has filed the instant lawsuit against Bernard A. Carter, Lake County Prosecutor, Milana Peterson, Lake County Deputy Prosecutor, Sgt. Earl Mayo, Trooper Alaa Hamed, the Town of New Chicago, the Indiana Department of Child Services, Eric Miller, Pasqual Delgado, and New Chicago Bar and Grill. The claims include conspiracy and joint action pursuant to 42 U.S.C. § 1985(3) (Count I); Investigatory Evidence Fabrication and Forfeiture of Immunity (Count II); 4th and 14th Amendment Lethal Force Terrorism (Count III); State-Created Danger and Kidtraks Fraud (Count IV); and ADA Discrimination and Fabrication of Admissions (Count V).

Reviewing Count I first, in order to state a claim for civil conspiracy pursuant to 42 U.S.C. 1985(3), a plaintiff "must allege (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1024 (7th Cir. 2000). To successfully allege element two, a plaintiff has to "establish that the purpose of the conspiracy is to deprive a person or class of persons of equal protection of the laws, [meaning that] the plaintiff must allege

2

some racial, or perhaps otherwise class–based invidiously discriminatory animus behind the conspirators' action." *Id*. (internal quotations omitted). Here, Plaintiff alleges the following:

> The Conspirators: Defendants Delgado and New Chicago Bar and Grill acted under color of state law by conspiring with Defendant Mayo to protect the interest of the bar and manufacture a barrier case.
>
> Joint Action: Delgado and Mayo intentionally edited surveillance to omit the initial attack on the Plaintiff. Delgado's liability is established by the $25,000.00 settlement.

[DE 1 at 1]. These facts suggest only that the first element has been met: there was an alleged conspiracy between Delgado and Mayo to edit surveillance footage. [*Id*]. The remaining facts are insufficient to plausibly allege that the other elements have been satisfied to adequately state a claim for civil conspiracy pursuant to § 1985(3).

Count II of Plaintiff's Complaint alleges a claim for "Investigatory Evidence Fabrication & Forfeiture of Immunity." [DE 1 at 1-2]. The Complaint does not describe the law or right that was violated when Defendants allegedly fabricated digital surveillance to establish probable cause. [*Id*.]. Additionally, there are no further facts describing, for example, what the "fabricated" probable cause was, what it was used for, or how it harmed Plaintiff. While the Court recognizes that the "federal rules [of Civil Procedure] [have] effectively abolished the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief[,]" there still must be enough factual matter pled to "showing that the pleader is entitled to relief." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11-12 (2014). As to Count II of the Complaint, there is simply not enough facts to show that Plaintiff is entitled to relief.

Count III alleges Fourth and Fourteenth Amendment violations, and more specifically, "lethal force terrorism." [DE 1 at 2]. The facts giving rise to Count III include that Defendant Hamad pointed a loaded firearm at Plaintiff and a minor which "shocks the conscience", and that

Defendant Hamad "utilized the threat of child removal to extort an involuntary statement" which "violates due process". [*Id*.].  Plaintiff further claims that the fact that there are no recordings of these events equates to "a bad-faith destruction of evidence." [*Id*.].  The Fourth Amendment protects individuals against unreasonable searches, seizures, and arrests or searches conducted without probable cause. U.S. CONST. AMEND. IV.  Fourteenth Amendment violations occur when individuals are denied due process, equal protection, or privileges and immunities by way of state action. U.S. CONST. AMEND. XIV. Based on the Complaint, the facts that *seem* to support Fourth and Fourteenth amendment violations are that an alleged involuntary statement was taken from a minor, but that in and of itself is not a constitutional violation. The Complaint must contain facts describing the effect of the involuntary statement, and more importantly, how that violated Plaintiff's constitutional rights. Accordingly, Count III fails to state a claim for relief.

Count IV also alleges a Fourteenth Amendment violation. In support, Plaintiff claims only that his rights were violated when a "barrier case" was fabricated and "state agents us[ed] KidTraks system to fabricate an allergies narrative to conceal battery." [DE 1 at 2].  These two alleged facts are insufficient, even when construed liberally, to plausibly state a claim for a Fourteenth Amendment violation.

Finally, Count V alleges a violation of the Americans with Disabilities Act ("ADA") and "Fabrication of Admissions." [DE 1 at 2].  The discrimination alleged is as follows:

> Defendants intentionally ignored the Plaintiff's permanent leg disability to frame him as an aggressor while granting immunity to the actual non-disabled attacker. Plaintiff's permanent disability is a matter of medical record and was a known factor that Defendants intentionally ignored to manufacture a fraudulent aggressor narrative.

[DE 1 at 2] (internal citations omitted).  Plaintiff then goes on to allege that Defendants manufactured false statements and attributed them to Plaintiff in official records. [*Id*.]  He also

4

claims that they fabricated agreements where Plaintiff consented to state-mandated programs due to unfitness, but that those signatures were extorted and obtained under duress of retaliatory visitation cancellation and physical torture of a minor. [*Id*. at 3]. Finally, Plaintiff alleges that Defendant Town of New Chicago maintains a "Custom and Practice" of targeted harassment. [*Id*. at 3].

It is unclear under what title of the ADA Plaintiff is bringing this claim. However given the facts alleged, it appears that Plaintiff is claiming a Title V violation. Title V of the ADA covers miscellaneous provisions including anti-retaliation and coercion provisions. *Straw v. Dixon*, 2016 WL 4014976, at *5 (N.D. Ind. July 27, 2016). Regardless of the title under which Plaintiff is bringing this claim, the facts again, are insufficient to show how Plaintiff was harmed. Plainly alleging that Defendants manufactured statements, fabricated agreements, and maintained practices of harassment does not establish the link between such behavior and the harm suffered by Plaintiff. Therefore, Plaintiff has failed to state a claim for a violation of the ADA.

## CONCLUSION

For the reasons discussed above, Plaintiff's Complaint fails to adequately state a claim for relief. Accordingly, his Motion to Proceed In Forma Pauperis [DE 3] is **DENIED**, and his Complaint [DE 1] is **DISMISSED without prejudice**. As a result, the Motion for Preliminaury Injunction [DE 4], Motion to Stay Proceedings [DE 5], and Motion for Recruitment of Counsel [DE 6] are **DENIED as moot**. This case is now closed.

SO ORDERED.

ENTERED: April 8, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

5